UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN S. GRABER, | ) | Case No. 4:04-cv-01314 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | William H. Baughman, Jr. |
| DAVID BOBBY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

In 2001, an Ohio jury convicted John Graber of committing rape and gross sexual imposition against two minor victims, for which he was sentenced to a total of twenty years imprisonment. Graber pursued numerous appeals to the Ohio Court of Appeals and the Ohio Supreme Court, each of which affirmed his convictions and sentences. In 2004, Graber filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On February 9, 2006, the Court denied Graber's petition. (ECF No. 20.) In its opinion, the Court referred to the minor victims by name.

Recently, over sixteen years after the publication of that opinion, one of the minor victims learned that her full name, another minor victim's name, and details of the criminal offenses were publicly available. That minor victim, interested party Jane Doe, now seeks an order, in Graber's habeas proceeding, which last saw activity in 2007, (1) to redact the February 9, 2006 opinion, (2) to require the immediate removal of the opinion from any publicly available website that currently publishes

it, and (3) to provide notice to any print publisher of the Federal Supplement that the redacted opinion should be used in future reprints. (ECF No. 29.) She contends that the published opinion has resulted in emotional harm and was erroneously maintained in the public file, given the protections intended by 18 U.S.C. § 3509. For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Jane Doe's motion.

## ANALYSIS

**I.  Motion to Redact the February 9, 2006 Opinion**

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Federal Home Loan Mortg. Co.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). But in the sealing context, "the district court's decision is not accorded the deference that standard normally brings." *Id.* To avoid abusing its discretion, the Sixth Circuit requires a district court faced with a motion to seal to "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)). District courts must weigh the interest of the parties, on the one hand, to keep information confidential, and on the other, the public's strong interest in "obtaining the information contained in the court record." *Id.* at 305 (citation and quotation omitted).

"The courts have long recognized . . . 'a strong presumption in favor of openness' to court records." *Id.* (quoting *Brown & Williamson*, 701 F.2d at 1179). Overcoming this burden is "a heavy one: 'Only the most compelling reasons can justify non-

disclosure of judicial records.'" *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The greater the public interest, the greater the burden to justify sealing. *See id.* In civil litigation, the most common categories of information that overcome this burden include "trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to remain in confidence (such as the name of a minor victim of a sexual assault)." *Id.* at 308.

Relevant here, 18 U.S.C. § 3509(d)(2) mandates that "[a]ll papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal." A related statutory provision permits a court to "issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." *Id.* § 3509(d)(3). Pursuant to the statute, as in effect in 2006, in the Court's view, there is no doubt that the February 9, 2006 opinion should have shielded the identities of the minor victims to protect their privacy. Based on the representations in Jane Doe's motion, which the Court has no reason to doubt, the unredacted opinion has caused and will continue to cause psychological and emotional trauma to one of the named minor victims. (ECF No. 29, PageID #917.)

Given the nature of the criminal offenses, the merits of redacting the February 9, 2006 opinion outweigh the public's interest, if any, in continuing to keep public on the court record the minor victims' identities. *See Dunlap v. Administrative*

3

*Judge of Cuyahoga Cnty. Ct. of Com. Pl., Juvenile Div.*, No. 1:17-cv-01926, 2018 WL 7569777, at *4 (N.D. Ohio May 31, 2018) ("The court finds the great public interest in encouraging individuals to report suspected child abuse or neglect greatly outweighs any interest any party to this action has in identifying the name of the individual who reported the abuse/neglect."); *Wenk v. O'Reilly*, No. 2:12-cv-474, 2013 WL 1748079, at *2 (S.D. Ohio Apr. 23, 2013) ("Child abuse reports should be protected to the extent practicable from public dissemination so members of the public feel safe in making those reports.").

Primarily, Jane Doe seeks to redact her name and the name of the other victim from the February 9, 2006 opinion. (ECF No. 29, PageID #920.) Though the Court recognizes that the minor victims' identities have already been publicly revealed, it sees no reason to keep their identities public on the court record when it has the power simply to redact the names from the prior opinion, as should have happened in the first instance. In addition to the redaction of the names, Jane Doe seeks redaction of "other identifiers," "the intimate details of the criminal offenses," and certain other "private" or "personal" details contained in the February 9, 2006 opinion. (ECF No. 29, PageID #920–21 & #931.) However, she has not identified that information with specificity, so the Court cannot identify it or meaningfully consider that request. *See Shane Group*, 825 F.3d at 305–06 ("The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'"). In any event, the opinion contains little if any sensitive or identifying information that the Court believes warrants redaction,

4

particularly given the ruling's longstanding public availability and naming of the minor victims.

Based on the above independent analysis and in light of the Sixth Circuit's direction in *Shane Group*, the Court **GRANTS** Jane Doe's motion as it relates to redacting the minor victims' names from the February 9, 2006 opinion. By separate entry, the Court enters a redacted version of its February 9, 2006 opinion. The redacted opinion hereby supersedes the prior opinion (ECF No. 20) and serves as the public record in the case.

## II. Motion to Remove the Opinion from Publication

To the extent that Jane Doe seeks an order requiring the removal of the February 9, 2006 opinion from publicly available websites and the print version of the Federal Supplement, the First Amendment bars the Court from awarding such relief.

The use of the injunctive powers of federal courts to suppress any publication is highly disfavored and requires an exceedingly persuasive justification. *See, e.g.*, *N.Y. Times Co. v. United States*, 403 U.S. 713, 714 (1971) (per curiam); *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963); *Roth v. United States*, 354 U.S. 476, 507 (1957). The Supreme Court has held statutes prohibiting the publication of the names of rape victims to be unconstitutional when those names are then publicly available. *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494-95 (1975); *see also Florida Star v. B.J.F.*, 491 U.S. 524, 532–41 (1989). In this case, a court order prohibiting the publication of an already public opinion would violate the First Amendment.

With print copies in circulation and the ubiquitous availability of the Federal Supplement online, the Court is without the ability to order a complete claw back of the opinion. Without that ability and recognizing that copies will continue to circulate, the Court cannot conclude that there is adequate justification for enjoining further publication of February 9, 2006 opinion, either online or in any reprints of the Federal Supplement. However, the Court notes that many digital services track the release of federal court orders such that the redacted opinion might displace the earlier version in popular databases and search engines. The Court certainly hopes for such a result. Accordingly, the Court **DENIES** Jane Doe's motion as it relates to requiring the removal of the February 9, 2006 opinion from publication and enjoining its future publication.

## CONCLUSION

For the foregoing reason, the Court **GRANTS IN PART** and **DENIES IN PART** Jane Doe's motion. (ECF No. 29.) Specifically, the Court enters by separate entry a redacted version of the February 9, 2006 opinion, omitting the minor victims' names and other information that should remain confidential and **ORDERS** that the redacted version now serves as the public record of the Court's ruling and supersedes the February 9, 2006 opinion (ECF No. 20), which shall be hereby sealed.

**SO ORDERED.**

Dated: April 28, 2022

                                              J. Philip Calabrese
                                              United States District Judge
                                              Northern District of Ohio